UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
MIL-SPEC INDUSTRIES CORP.,

Plaintiff,

-against-

MEMORANDUM & ORDER
14-CV-7099 (JS)(SIL)

PRECISION AMMUNITION, LLC, MATT CAMPBELL, GARY PHILLIPS, and JOHN DOES 1-10,

Defendants.
---------------------------------------X

APPEARANCES

For Plaintiff: Darius A. Marzec, Esq.
Marzec Law Firm
225 Broadway, Suite 3000
New York, NY 10007

For Defendants: Jed Matthew Weiss, Esq.
Cole Schotz
1325 Avenue of the Americas, 19th floor
New York, NY 10019

Eric Walraven, Esq.
Law Office of Eric Walraven
5956 Sherry Lane, Suite 1000
Dallas, TX 75225

SEYBERT, District Judge:

Plaintiff Mil-Spec Industries, Corp. ("Plaintiff") commenced this commercial contract dispute against Matt Campbell ("Campbell"), Gary Phillips ("Phillips," and together with Campbell, the "Individual Defendants"), and Precision Ammunition, LLC ("Precision," and collectively, "Defendants"[1]) on December 4,

---

[1] Plaintiffs also bring claims against several "John Doe" Defendants.

2014. Pending before the Court is Defendants' motion to dismiss (Docket Entry 16), Plaintiff's motion seeking a default judgment (Docket Entry 20), and Plaintiff's cross-motion to strike (Docket Entry 26). All of these motions hinge upon whether Plaintiff properly served Defendants with the Summons and Complaint under the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that Defendants Campbell and Philips were properly served with process, however, Precision was not. In the Court's discretion, Plaintiff is therefore granted additional time to attempt to serve Precision with the Summons and Complaint.

## BACKGROUND[2]

Plaintiff employed a process server named Geoffrey Hiner ("Hiner") to serve Defendants with the Summons and Complaint. (See Hiner Aff., Docket Entry 24-20, ¶¶ 1-3.) Hiner claims he made "several attempts" to serve Defendants with process at Precision's offices in Argyle, Texas. (Hiner Aff. ¶ 3.) On his first attempt, on December 10, 2014, Hiner learned that Defendant Philips was "out of town," so he left his contact information. (Hiner Aff. ¶ 4.) Hiner claims he later had a phone conversation with Philips during which Hiner "informed [Phillips] that he was named in a law

[2] The following facts are taken from the Complaint and the various affidavits submitted connection with the parties' motions. The facts in the Complaint are presumed to be true for purposes of this Memorandum & Order.

suit [sic] . . . [and] Phillips stated he would contact his attorney” to see if the attorney would accept service. (Hiner Aff. ¶ 4.) Although Hiner called Phillips a second time and left a voicemail, Hiner never spoke with Phillips again. (Hiner Aff. ¶ 4.) Hiner also attempted to serve Defendant Campbell at a “gated home” but was unable to gain access to the property. (Hiner Aff. ¶ 5.)

After two additional service attempts at Precision’s business address, Hiner claims he effected service on all three Defendants on December 16, 2104, by giving the Summons and Complaint to one Chris Young (“Young”) at Precision’s business Address. Hiner claims Young “represented himself to be an employee representative . . . of both the Individual Defendants and Precision.” (Hiner Aff. ¶ 6.) Hiner’s Affidavit of Service state that Hiner delivered a copy of the Summons and Complaint to Young and “informed [Young] of the contents therein.” (Hiner Serv. Affs., Docket Entry 24-4, at 2.) After serving Young with the documents, Hiner’s affidavits of service state that he mailed copies of the Summons and Complaint to the three Defendants at Precision’s business address. (Hiner Service Affs.)

According to Plaintiff’s counsel, Defendants’ attorney engaged in settlement discussions with Plaintiff from approximately December 2014 through February 2015, but the parties were unable to reach a settlement. (Marzec Opp. Decl., Docket

Entry 24-16, ¶ 14.) The fact that the parties actively discussed settling this case beginning in October 2014 is supported by documentary evidence. (See Naane Aff., Docket Entry 24, Exs. E-G.)

A member of Precision named Mark Turnbull submitted an affidavit in support of Defendants' motion to dismiss. (Turnbull Aff., Docket Entry 17-1.) According to Turnbull, Defendants Campbell and Philips were employees of Precision in 2013 and 2014, but Defendant Young "was never an employee of Precision," and merely "performed work as an independent contractor . . . at various times in 2014." (Turnbull Aff. at 1.) Turnbull additionally asserts that Precision's registered agent for service of process was never served with the Summons and Complaint in this action. (Turnbull Aff. at 1.) In separate affidavits, Defendants Campbell and Phillips both claim they never received copies of the Summons and Complaint. (Campbell Aff., Docket Entry 17-2; Phillips Aff., Docket Entry 17-3.)

In their pending motion to dismiss, Defendants argue that they were not properly served with the Complaint. See generally Defs.' Br., Docket Entry 17.) Plaintiff argues, in opposition, that service on Defendants was proper and seeks a default judgment for Defendants' failure to participate in this action. (See generally Pl.'s Opp. Br., Docket Entry 25; Marzec Decl., Docket Entry 20-2.)

DISCUSSION

"Federal Rule Civil Procedure 12(b)(5) authorizes dismissal of the complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer. Forte v. Lutheran Augustana Extended Care & Rehab. Ctr., No. 09-CV-2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009). When, defendants move to dismiss for lack of proper service, "the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (internal quotation marks and citation omitted).

I. Service on the Individual Defendants

Defendants argue that Plaintiff did not properly serve Philips and Campbell with process because (1) Young was not an employee of Precision and (2) Phillips and Campbell assert they never received the Complaint.[3] (Defs.' Br. at 6.)

To serve an individual defendant with process, Federal Rule of Civil Procedure 4(e) provides that service may be made by

[3] Defendants also argue in their initial moving papers that Hiner could not have effected service on any of the Defendants at Precision's offices because its offices were closed on December 5, 2014. (Defs.' Br. at 6.) Hiner's affidavits of service make clear, however, that Hiner served Young with process on December 16, 2014, not on December 5, 2014. (See Hiner Service Affs.) Recognizing their error on Reply, Defendants withdrew their assertion that Precision's offices were closed on the date Hiner attempted service, explaining that they "inadvertently misread the date set forth on Mr. Hiner's Affidavits of Service." (Defs.' Reply Br., Docket Entry 28, at 1.)

"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Applicable New York law provides that personal service on an individual may be effected using four methods: (1) delivering the summons to the defendant; (2) delivering the summons to a person of suitable age and discretion at the place of business, home, or "usual place of abode" of the defendant and mailing the summons to the defendant's last known residence or place of business; (3) delivering the summons to the defendant's agent for service of process; and (4) where service by the first two methods cannot be made with "due diligence," affixing the summons to the door of the defendant's actual place of business, home, or "usual place of abode," and mailing the summons to the defendant's last known residence or place of business. N.Y. CPLR § 308 (1)-(4).

Here, Plaintiff's process server submitted an affidavit explaining that he left copies of Summons and Complaint for both Campbell and Phillips with Young, a person of suitable age and discretion, and placed copies of the pleadings in the mail. The fact that Young was an independent contractor for Precision is irrelevant. See Albilia v. Hillcrest Gen. Hosp., 124 A.D.2d 499, 500, 508 N.Y.S.2d 10, 10 (2d Dep't 1986) ("service of a copy of the summons and complaint upon . . . a receptionist" at the defendant's place of business "constituted delivery to a person of

suitable age and discretion."); Essex Credit Corp. v. Theodore Tarantini Associates Ltd., 179 A.D.2d 973, 973, 579 N.Y.S.2d 235, 236 (3d Dep't 1992) ("Defendant's allegation that [the recipient of process] was not his employee, but was, rather, an independent contractor, is insufficient to raise a legitimate factual issue as to whether [he] was a person of suitable age and discretion"). Moreover, "[a] process server's affidavit of service constitutes prima facie evidence of valid service," and the "conclusory assertion that [Defendants] did not receive the mailed papers . . . [is] inadequate to overcome the inference of proper mailing that arose from the affidavit." Washington Mut. Bank v. Huggins, --- N.Y.S.3d ---, 140 A.D.3d 858 (2d Dep't 2016). Thus, Campbell and Philip's claim in their affidavits that they did not receive copies of the Summons and Complaint are insufficient to rebut the statements in Hiner's affidavits attesting to proper leave-and-mail service under New York law. The Court therefore finds that Plaintiff properly served the Individual Defendants with process.

II. Service on Precision

Similar to the rule for service of process on individuals, Federal Rule of Civil Procedure 4(h) provides that corporations may be served within the judicial districts of the United States by either (1) following the relevant state law regarding service of a summons, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statue so requires--by also mailing a copy of each to the defendant[.]" FED. R. CIV. P. 4(h)(1)(A)-(B). The plaintiff bears the burden of demonstrating that service was valid. Dickerson, 604 F.3d at 752.

In New York, under CPLR Section 311-a, service on a limited liability company ("LLC") can be made by personally delivering a copy of the summons to: (1) a member of the LLC, (2) a manager of the LLC, (3) an agent authorized by appointment to receive process, or (4) any other individual designated by the LLC to receive process. N.Y. CPLR § 311-a(a). Section 311-a further provides that service may be made to the Secretary of State as agent for the LLC. N.Y. CPLR § 311-a(a); N.Y. LTD. LIAB. CO. LAW § 303(a).

Here, Plaintiff concedes that it did not serve the Secretary of State or a member, manager, agent, or individual designated to accept service on behalf of Precision as set forth in Section 311-a. Rather, Hiner merely asserts that "Mr. Young held himself out as an employee of Precision." (Hiner Aff. ¶ 7.) Under prevailing case law in New York, however, the alternative methods of personal service discussed within CPLR 308 are not available for effecting service on a limited liability company. See Ciafone v. Queens Ctr. for Rehab. and Residential Healthcare,

126 A.D.3d 662, 662, 5 N.Y.S.3d 462 (2d Dep't 2015) ("jurisdiction was not obtained by the alleged delivery of the summons and complaint to an employee at the facility's security desk because it is a limited liability company, and its four individual members are the only persons authorized to accept service on its behalf"); See also Stuyvesant Fuel Serv. Corp. v. 99-105 3rd Ave. Realty LLC, 192 Misc. 2d 104, 106, 745 N.Y.S.2d 680, 681 (N.Y.C. Civ. Ct. 2002). Plaintiff thus failed to properly serve Precision pursuant to Rule 4(h)(1)(B).

III. Discretionary Extension of Plaintiff's Time to Serve

Plaintiff urges the Court to give it a second chance to properly serve Precision with process. (See Pl.'s Opp. Br. at 8.) Rule 4(m), which addresses extensions of time limit to serve the Complaint, provides in relevant part that if the "plaintiff shows good cause" for its failure to timely serve the Complaint, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Because Plaintiff cannot show good cause for its failure to serve Precision with process, however, Plaintiff asks the Court to extend its time to effect service in its discretion. The Advisory Committee Notes to Rule 4(m) makes clear that the Court can give Plaintiff an additional opportunity to serve Defendants "even if there is no good cause shown." FED. R. CIV. P. 4(m) Advisory Committee's Note. Courts consider four factors before exercising

their discretion under Rule 4(m): "'(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Carroll v. Certified Moving & Storage, Co., LLC, No. 04-CV-4446, 2005 WL 1711184, at *1-3 (E.D.N.Y. July 19, 2005) (quoting Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F .R.D. 503, 506 (S.D.N.Y. 1999). In this case, all of the factors favor allowing Plaintiff more time to effect service upon Precision. Specifically, the applicable six-year statute of limitations for contracts actions has not expired and there is no evidence Plaintiff attempted to conceal its defective service, or that Precision would be prejudiced by having to respond to Defendants' allegations. Moreover, evidence exists that Defendants' attorney was aware of this dispute since October 2014 and communicated with Plaintiff's counsel about settling the matter. Under these circumstances, the Court will allow Plaintiff an additional sixty (60) days to attempt to serve Precision with the Summons and Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 16) and Plaintiff's motion seeking a default judgment

(Docket Entry 20) are both DENIED WITHOUT PREJUDICE and Plaintiff's cross-motion to strike (Docket Entry 26) is GRANTED IN PART AND DENIED IN PART. The Court finds that Defendants Phillips and Campbell were properly served with process. In addition, Plaintiff is GRANTED an additional sixty (60) days from the date of this Memorandum & Order to serve Defendant Precision with the Summons and Complaint.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 5, 2016
Central Islip, New York