```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MIL-SPEC INDUSTRIES CORP.,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-7099 (JS)(SIL)

PRECISION AMMUNITION, LLC, MATT
CAMPBELL, GARY PHILLIPS,
and JOHN DOES 1-10,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Darius A. Marzec, Esq.
                    Marzec Law Firm
                    776A Manhattan Avenue, Suite 104
                    New York, NY 11222

For Defendants:     Eric Walraven, Esq.
                    Law Office of Eric Walraven
                    5956 Sherry Lane, Suite 1000
                    Dallas, TX 75225
```

SEYBERT, District Judge:

Plaintiff Mil-Spec Industries, Corp. ("Plaintiff") commenced this action against Matt Campbell ("Campbell"), Gary Phillips ("Phillips," and together with Campbell, the "Individual Defendants"), and Precision Ammunition, LLC ("Precision," and collectively, "Defendants"[1]) on December 4, 2014.  Currently pending before the Court is Plaintiff's appeal of Magistrate Judge Steven I. Locke's August 30, 2016 Electronic Order, and a motion to strike the Answer filed by the Individual Defendants.  For the

---

[1] Plaintiffs also bring claims against several "John Doe" Defendants.

reasons that follow, Judge Locke's Electronic Order is AFFIRMED, and Plaintiff's motion (Docket Entry 37) is DENIED.

BACKGROUND

The Court assumes familiarity with its August 5, 2016 Order and summarizes only the facts and procedural history necessary to resolve the pending motion. See Mil-Spec Industries Corp. v. Precision Ammunition, LLC, No. 14-CV-7099, 2016 WL 4179945 (E.D.N.Y. Aug. 5, 2016).

Initially, Defendants in this matter failed to appear, and on February 4, 2015, the Clerk of the Court noted their default pursuant to Federal Rule of Civil Procedure 55(a). (Entry of Default, Docket Entry 12.) After months of no activity on the case, the Court issued a Notice of Impending Dismissal on December 15, 2015. (Notice, Docket Entry 13.) In response, Plaintiff advised that it was preparing a motion for a default judgment. (Status Report, Docket Entry 14.) On January 15, 2016, before the default motion was filed, Defendants appeared and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), arguing that Plaintiff failed to properly serve them with the Complaint. (Mot. to Dismiss, Docket Entry 16.) Plaintiff filed its default motion on February 2, 2016. (Default Mot., Docket Entry 20.)

On August 5, 2016, the Court held that the Individual Defendants were properly served, but that the corporate Defendant,

Precision, was not. Mil-Spec, 2016 WL 4179945, at *1. Nonetheless, the Court granted Plaintiff an additional sixty days to serve Precision. Id. at *4. The Court also denied Plaintiff's motion for a default judgment without prejudice. Id. at *1.

On August 26, 2016, the Individual Defendants requested an extension of time to answer the Complaint. (Mot. for Extension, Docket Entry 32.) They recognized that they were required to answer the Complaint in January 2015, but requested that the Court allow the Individual Defendants to file an Answer along with Precision. (Mot. for Extension.) That same day, Plaintiff filed a letter opposing the request, arguing that the Individual Defendants' motion was "procedurally improper" and that "the court ha[d] already ruled on the issue . . . [when it] den[ied] relief as to the individual defendants." (Pl.'s Opp., Docket Entry 33, at 1.) Further, Plaintiff appeared to argue that the request was improper because the Entry of Default had not been vacated. (Pl.'s Opp. at 1.) Plaintiff also requested that the Court issue sanctions against Defendants for their "utterly improper and baseless letter motion." (Pl.'s Opp. at 2.) On August 30, 2016, Judge Locke granted the Individual Defendants' request, and Defendants filed their Answer on behalf of the Individual Defendants and Precision later that day. (Electronic Order, August 30, 2016; Answer, Docket Entry 35.)

3

On September 13, 2016, Plaintiff filed an appeal of Judge Locke's Electronic Order and requested that the Court strike the Answer filed by the Individual Defendants. (Pl.'s Mot., Docket Entry 37.) On September 27, 2016, the Individual Defendants opposed Plaintiff's motion. (Defs.' Opp., Docket Entry 38.) Plaintiff filed a reply in further support of its motion on October 4, 2016. (Pl.'s Reply, Docket Entry 39.)

DISCUSSION

I. Legal Standard

Magistrate judges generally "'have broad discretion in resolving nondispositive matters.'" Carter v. Logan Bus Co., Inc., No. 15-CV-5217, 2016 WL 5231800, at *1 (E.D.N.Y. Sept. 21, 2016) (quoting Gorman v. Polar Electro Inc., 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001)). However, "when a magistrate judge rules on a non-dispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.'" Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting FED. R. CIV. P. 72(a)) (alteration in original). A magistrate decision is clearly erroneous when, after reviewing the entire record, the district court "'is left with the definite and firm conviction that a mistake has been committed.'" Feliciano v. Cty. of Suffolk, No. 04-CV-5321, 2009 WL 290469, at *1 (E.D.N.Y. Feb. 4, 2009) (quoting

4

E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)). Under this standard of review, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority," and the findings of the magistrate judge "should not be rejected merely because the court would have decided the matter differently." Bachayeva, 2013 WL 4495672, at *1.

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). Although the "[r]esolution of a Rule 12(f) motion is left to the district court's discretion[,] . . . . [m]otions to strike are generally disfavored." Azikiwe v. Nigeria Airways Ltd., No. 03-CV-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006) (quoting EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004); Connell v. City of N.Y., 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002)).

II. The Parties' Arguments

Plaintiff argues that Judge Locke abused his discretion by extending the Individual Defendants' time to answer because they were properly served in 2014 and in default at the time of the request. (Pl.'s Br., Docket Entry 37-7, at 2.) Plaintiff further argues that the Individual Defendants' request failed to address the standard for vacating an entry of default. (Pl.'s Br. at 3.) The Individual Defendants argue that the extension was

5

properly granted because Plaintiff's motion for a default judgment was denied without prejudice, and "[t]o deny Plaintiff's motion for [a] default judgment but not allow Plaintiffs Campbell and Phillips to file answers would serve no purpose." (Defs.' Opp. at 1-2.) On reply, Plaintiff urges the Court to vacate Judge Locke's Electronic Order because the Individual Defendants concede that the Entry of Default was never vacated. (Pl.'s Reply at 2.) Plaintiff also argues that because this Court did not extend the Individual Defendants' time to answer or vacate the Entry of Default in its August 5, 2016 Order, the Individual Defendants' request for an extension sought relief that had already been denied.[2] (Pl.'s Reply at 2.)

III. Application

The Court finds that Judge Locke's Electronic Order is not "clearly erroneous or contrary to law." See Bachayeva, 2013 WL 4495672, at *1. Pursuant to Federal Rule of Civil Procedure 6(b), "a court may, for good cause extend the time to file an answer if the party failed to act because of excusable neglect." Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-3073,

---

[2] The Court disagrees with Plaintiff's interpretation of its August 5, 2016 Order. That Order addressed whether service on the Individual Defendants was proper; it did not determine whether the Individual Defendants should be permitted to answer or whether the Entry of Default should be vacated. To the extent Plaintiff argues that permitting the Individual Defendants to answer is inconsistent with that Order, that argument is meritless.

2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), aff'd, 677 F. App'x 719 (2d Cir. 2017) (internal quotation marks omitted); see also FED. R. CIV. P. 6(b)(1)(B).  Generally, "'[g]ood cause is . . . not difficult to show, and an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  Luo, 2014 WL 3943099, at *4 (quoting Rankin v. City of Niagara Falls, 293 F.R.D. 375, 390 (W.D.N.Y. 2013)).  Here, there is no evidence of bad faith by the Individual Defendants, and allowing them to answer will not prejudice Plaintiff at this preliminary stage of the proceedings.

To determine whether the moving party has established excusable neglect, the Second Circuit has directed district courts to consider "'[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d. 74 (1993)) (alterations in original).  The Second Circuit has further characterized excusable neglect as "an elastic concept . . . that is at bottom an equitable one, taking account of all relevant circumstances surrounding the

7

party's omission." Tancredi, 378 F.3d at 228 (internal quotation marks and citations omitted). As discussed, there is little danger of prejudice.[3] Additionally, the effect of any delay will be minimal considering that discovery has yet to begin. The reason for the delay is not entirely clear, but the Individual Defendants have previously maintained that they were never served with the Complaint.[4] See Mil-Spec, 2016 WL 4179945, at *3. Finally, as discussed above, there is no indication that the Individual Defendants acted in bad faith. Therefore, the relevant factors weigh in favor of granting the Individual Defendants an extension of time to answer, and as a result, the Court will not strike the Answer of the Individual Defendants. See Luo v. Baldwin Union Free Sch. Dist., 677 F. App'x 719, 720 (2d Cir. 2017) (explaining that, although "courts are entitled to enforce compliance with the time limits of the Rules by various means," when granting a motion to strike would amount to a default judgment, "the extreme sanction of a default judgment must remain a weapon of last . . . resort")

---

[3] In fact, Plaintiff fails to articulate any reason it would be prejudiced by the filing of a late answer by the Individual Defendants.

[4] The undersigned previously determined that the Individual Defendants' allegation that they never received the Complaint was insufficient to rebut the process server's affidavit of service. Mil-Spec, 2016 WL 4179945, at *3. However, the Court nevertheless considers this allegation in accordance with the Second Circuit's mandate to "tak[e] [into] account . . . all relevant circumstances surrounding the party's omission." Tancredi, 378 F.2d at 228.

(quoting Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). Accordingly, Judge Locke's Electronic Order granting the extension is AFFIRMED, and the motion to strike is DENIED.

IV. The Entry of Default

The Court notes that the Clerk's Entry of Default against both the Individual Defendants and Precision remains in force. (See Entry of Default.) However, the Court "may set aside an entry of default sua sponte for good cause." Negrin v. Kalina, No. 09-CV-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012); see also FED. R. CIV. P. 55(c). "Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). Moreover, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the . . . standard for setting aside a default judgment . . . pursuant to Rule 60(b)." Grosso v. Radice, No. 07-CV-3620, 2007 WL 4441022, at *1 (E.D.N.Y. Dec. 10, 2007) (internal quotation marks and citation omitted). To evaluate good cause, the Court considers "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" Murray Eng'g, P.C. v. Windermere Props. LLC, No. 12-CV-0052, 2013 WL 1809637, at *3

(S.D.N.Y. Apr. 30, 2013) (quoting Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012)); Grosso, 2007 WL 4441022, at *1. While considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" Murray Eng'g, 2013 WL 1809637, at *3 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). The Second Circuit has made clear that it prefers that disputes "'be resolved on the merits, not by default.'" Luo, 2014 WL 3943099, at *4 (quoting Azikiwe, 2006 WL 2224450, at *1).

There is no evidence that Defendants' default was willful. See Murray Eng'g, 2013 WL 4441022, at *4 (explaining that willfulness "refer[s] to conduct that is more than merely negligent or careless") (internal quotation marks and citation omitted). Additionally, vacating the Entry of Default will not prejudice Plaintiff or delay the resolution of the case. Finally, based on the Court's review of Defendants' Answer and their opposition to the motion for a default judgment, (Docket Entry 27), Defendants may have a meritorious defense to the Plaintiff's claims. Id. at *6 ("The test of such a defense is not measured by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."). Thus, the factors weigh in favor of vacating the Entry of Default, and there is good cause to do

so.  Based on the Court's evaluation of the relevant factors, and in light of the Second Circuit's clear preference that disputes be resolved on the merits, the Court exercises its discretion and VACATES the Clerk's Entry of Default (Docket Entry 12).

CONCLUSION

For the foregoing reasons, Judge Locke's August 30, 2016 Electronic Order granting the Individual Defendants an extension of time to answer is AFFIRMED, and Plaintiff's motion to strike (Docket Entry 37) is DENIED.  Further, the Clerk's Entry of Default (Docket Entry 12) is VACATED.  The parties are directed to file a joint proposed discovery schedule within fourteen (14) days of the date of this Memorandum and Order.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August   16  , 2017
          Central Islip, New York